IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD PULLEY,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-3665** |
| | : | |
| **MS. JESS, *et al.*,** | : | |
| **Defendants.** | : | |

# MEMORANDUM

**SCOTT, J.** **SEPTEMBER 15th, 2026**

*Pro se* Plaintiff Richard Pulley brings this civil action pursuant to 42 U.S.C. § 1983, naming as Defendants State Correctional Institution - Dallas and Nurse Jess. For the following reasons, the Court will dismiss Pulley's Complaint on statutory screening pursuant to 28 U.S.C. § 1915A(b)(1).

## I. FACTUAL ALLEGATIONS[1]

Pulley asserts that on July 18, 2024, while incarcerated at SCI Dallas, he was scheduled to receive the third dose of his hepatitis B vaccine. (Compl. at 5-6.) He explained to Defendant Nurse Jess that, "there was verification on PA.net of [his] hepatitis B vaccination and that [he] only needed the immunity shot because [he] already had the other two shots[.]" (*Id.* at 6.) However, Nurse Jess gave Pulley a combined vaccine "called hendricks-b, which had all three [hepatitis B vaccination doses] in one needle, causing an overflow of hepatitis . . . to course

[1] The facts set forth in this Memorandum are taken from Pulley's Complaint (ECF No. 2). The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system. Where the Court quotes from *pro se* pleadings, punctuation, spelling, and capitalization errors will be cleaned up as needed.

through [Pulley's body], giving [him] swollen glands, liver and kidney issues as well as vomiting, stomach pain, and inability to urinate." (*Id.*) He also suffered joint pain and an ACL tear from weak joints. (*Id.* at 7.) Pulley seeks $470,000 for pain and suffering and punitive damages. (*Id.*)

## II. STANDARD OF REVIEW

Although Pulley has paid the filing fee in full, the Court has the authority to screen the Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000) (recognizing that the district courts have the authority to screen a prisoner complaint pursuant to § 1915A(b)(1) even if the prisoner is not proceeding *in forma pauperis*). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted," *id.* § 1915A(b)(1), or that "seeks monetary relief from a defendant who is immune from such relief," *id.* § 1915A(b)(2).

The Court must also review the pleadings and dismiss the matter if it determines that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog & Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See*

*Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

## III. DISCUSSION

### A. Federal Law Claims

Pulley checked the box in the form complaint he used indicating that he asserts his claims pursuant to 42 U.S.C. § 1983 (Compl. at 4), which is the vehicle by which federal constitutional claims may be brought in federal court. "Section 1983 provides a civil remedy for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws.'" *Halsey v. Pfeiffer,* 750 F.3d 273, 290 (3d Cir. 2014) (quoting 42 U.S.C. § 1983); *see also Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005) (explaining § 1983 "is not itself a source of substantive rights, but [rather] a method for vindicating federal rights elsewhere conferred." (quoting *Baker v. McCollan,* 443 U.S. 137, 145 n. 3 (1979))). To state a claim under § 1983, a plaintiff must demonstrate "that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." *Karns v. Shanahan,* 879 F.3d 504, 520 (3d Cir. 2018) (quoting *Elmore,* 399 F.3d at 281); *see also Halsey,* 750 F.3d at 290 ("To state a claim under section 1983, a plaintiff must demonstrate that 'some person has deprived him of a federal right ... [and] that the person who has deprived him of that right acted under color of state or territorial law.'" (quoting *Gomez v. Toledo,* 446 U.S. 635, 640 (1980))).

#### 1. Claims Against SCI Dallas

States are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court when the state has not waived that immunity, *id.*,

and the Commonwealth of Pennsylvania has not waived that immunity, *see* 42 Pa. Cons. Stat. § 8521(b). Since SCI Dallas is a prison within Pennsylvania's Department of Corrections, it is entitled to Eleventh Amendment immunity and is not a "person" for purposes of § 1983. *Lavia v. Pennsylvania, Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (explaining that, "[b]ecause the Commonwealth of Pennsylvania's Department of Corrections is a part of the executive department of the Commonwealth, it shares in the Commonwealth's Eleventh Amendment immunity" and is also not considered a person for purposes of § 1983); *see also Pettaway v. SCI Albion*, 487 F. App'x 766, 768 (3d Cir. 2012) (*per curiam*) ("[A]s a state agency and the prison it administers, the Department of Corrections and SCI–Albion are not 'persons' and thus cannot be sued under 42 U.S.C. § 1983."); *Endrikat v. Little*, No. 23-2167, 2023 WL 8519196, at *3 (3d Cir. Dec. 8, 2023) (*per curiam*) ("[W]e concur with the District Court's assessment that Endrikat failed to state a claim with respect to [the Pennsylvania DOC, SCI] Waymart, and the Pennsylvania Board of Probation and Parole, as they are not subject to suit under § 1983." (citing *Curtis v. Everette*, 489 F.2d 516, 521 (3d Cir. 1973); then citing *Thompson v. Burke*, 556 F.2d 231, 232 (3d Cir. 1977)). The Court will therefore dismiss the claims against SCI Dallas with prejudice.

### 2. Eighth Amendment Deliberate Medical Indifference Claims

Read liberally, Pulley alleges a claim for deliberate medical indifference against Nurse Jess. In order to plead an Eighth Amendment claim against a defendant for inadequate medical care, a plaintiff must show "(i) a serious medical need, and (ii) acts or omissions . . . that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility,* 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir. 1999)). A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to

inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "A serious medical need exists where 'failure to treat can be expected to lead to substantial and unnecessary suffering.'" *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Colburn v. Upper Darby Township*, 946 F.2d 1017, 1023 (3d Cir. 1991)). Deliberate indifference is properly alleged "where (1) prison authorities deny reasonable requests for medical treatment, (2) knowledge of the need for medical care is accompanied by the intentional refusal to provide it, (3) necessary medical treatment is delayed for non-medical reasons, [or] (4) prison authorities prevent an inmate from receiving recommended treatment for serious medical needs." *Montanez v. Price*, 154 F.4th 127, 141 (3d Cir. 2025) (citation omitted), *cert. denied*, 2026 WL 1718015 (U.S. June 15, 2026). However, "[m]ere negligence, . . . even if it constitutes medical malpractice[,] falls short of deliberate indifference. So does mere disagreement between the prisoner and medical personnel over the proper course of treatment." *Id.* at 141 (first citing *Rouse*, 182 F.3d at 197; then citing *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004)); *see also Palakovic v. Wetzel*, 854 F.3d 209, 227 (3d Cir. 2017) ("Allegations of mere negligent treatment or even medical malpractice do not trigger the protections of the Eighth Amendment." (citation omitted)).

Pulley alleges that he advised Nurse Jess that he had already received two out of three hepatitis B vaccine doses and that he only needed the third "immunity shot." (Compl. at 6.) Nevertheless, Jess gave him a combined shot that contained all three doses and caused him to receive an overdose of the vaccine, leading to serious medical harm. (*Id.*) Pulley does not allege that Nurse Jess intentionally gave him the wrong shot, that she was aware the combined shot would cause him injury, or that she failed to treat his symptoms after he suffered a reaction;

rather, he describes her actions as "neglect/medical malpractice." (*Id.* at 8.) Even if Nurse Jess' actions in giving him the wrong hepatitis B vaccine constitute negligence or medical malpractice, however, this is insufficient to allege a plausible Eighth Amendment deliberate medical indifference claim. *See, e.g., Lloyd v. Salameh*, 442 F. App'x 630, 631 (3d Cir. 2011) (*per curiam*) (affirming dismissal of Eighth Amendment claim against prison doctor who prescribed a medication that caused adverse reaction with two other medications prisoner was taking, because plaintiff "does not suggest that the decision to provide him with Ditropan was based on an ulterior motive beyond routine patient care, and he acknowledges that he received prompt and extensive treatment following his reaction."); *see also Muhammad v. N.J. State Prison*, No. 22-4310, 2022 WL 17251197, at *3 (D.N.J. Nov. 28, 2022) ("While Plaintiff states that he suffered an allergic reaction from the medication prescribed by Dr. Miller, there are no allegations whatsoever that Dr. Miller knew that Plaintiff was allergic to the prescribed medicine, nor any allegations that Dr. Miller failed to treat the allergic reaction."). Accordingly, Pulley's Eighth Amendment claim will be dismissed.

**B. State Law Claims**

Because the Court has dismissed Pulley's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims. *See Doe v. Mercy Cath. Med. Ctr.*, 850 F.3d 545, 567 (3d Cir. 2017) ("A court may [decline to exercise supplemental jurisdiction] under 28 U.S.C. § 1367(c)(3) when it dismisses all claims over which it has original jurisdiction.") Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity

between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). It is the plaintiff's burden to establish diversity of citizenship. *Lincoln Benefit Life Co.*, 800 F.3d at 105 ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))); *see also Xi v. Lu,* 226 F. App'x 189, 190 (3d Cir. 2007) (*per curiam*) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met).

Pulley does not allege the citizenship of the parties. Rather, he provides only Pennsylvania addresses for himself and the Defendants, which suggests that he and some, if not all, of the Defendants may be Pennsylvania citizens. Accordingly, Pulley has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue, and these claims will be dismissed for lack of subject matter jurisdiction. *See Williams v. Francois*, No. 22-3339, 2023 WL 2203570, at *2 (3d Cir. Feb. 24, 2023) (*per curiam*) (affirming *sua sponte* dismissal of state law claims for lack of

subject matter jurisdiction where plaintiff failed to adequately allege the citizenship of any party to the action).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Pulley's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1) and for lack of subject matter jurisdiction. The Court concludes that further amendment would be futile under the circumstances of this case but notes that the dismissal of Pulley's state law claims is without prejudice to him refiling them in state court, where federal jurisdiction will not be an issue.[2] *See Associated Builders & Contractors W. Pa. v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 291 (3d Cir. 2023) ("[A] dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice.'" (quoting *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999))); *see also N.J. Physicians, Inc. v. President of U.S.*, 653 F.3d 234, 241 n.8 (3d Cir. 2011) (explaining that dismissals for lack of subject matter jurisdiction are "by definition without prejudice" (citation omitted)). A dismissal Order follows, which shall be docketed separately. *See* Fed. R. Civ. P. 58.

**BY THE COURT:**

/S/ Kai N. Scott

**KAI N. SCOTT, J.**

[2] The Court expresses no opinion on the merits of Pulley's state law claims.